UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LAWRENCE FOWLER,

                              Plaintiff,

         -against-

THE CITY OF NEW YORK, ROBERT T.
JOHNSON, District Attorney, Bronx Attorney, and
the STATE OF NEW YORK, ELIOT SPITZER,
Governor,

                              Defendants.

**ANSWER OF DEFENDANT CITY OF NEW YORK**

07 CV 10274 (JSR)

<u>Trial By Jury Requested</u>

(filed by ECF)

------------------------------------------------------------------------x

        Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the complaint,[1] respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action and to invoke this Court's jurisdiction as set forth therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff's conviction was vacated and he was released.

        2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as set forth therein.

        3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

---

[1] On information and belief, District Attorney Johnson has not yet been served in this action.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as set forth therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as set forth therein.

6. Defendants state that the allegations set forth in paragraph "6" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admits that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about November 2, 2006.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation authorized pursuant to the laws of the State of New York.

10. Denies the allegations set forth in the paragraph "10" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

11. Defendant states that the allegations set forth in paragraph "11" of the complaint are not sufficiently coherent to allow defendant to admit or deny.

12. Defendant states that the allegations set forth in paragraph "12" of the complaint are not sufficiently coherent to allow defendant to admit or deny.

13. Defendant states that the allegations set forth in paragraph "13" of the complaint are not sufficiently coherent to allow defendant to admit or deny.

14. Defendant states that the allegations set forth in paragraph "14" of the complaint are not sufficiently coherent to allow defendant to admit or deny.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint, except admits that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about November 2, 2006.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint and all of its subparts.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "36" of this answer as if fully set forth therein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint, except admit that plaintiff was arrested.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Defendant states that the allegations set forth in paragraph "43" of the complaint are conclusions of law rather than averments of fact and, accordingly, no response is required.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint and all of its subparts.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "51" of this answer as if fully set forth therein.

53. Denies the allegations set forth in paragraph "53" of the complaint and all of its subparts.

54. Denies the allegations set forth in paragraph "54" of the complaint and all of its subparts.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Defendant states that the allegations set forth in paragraph "57" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendant denies the allegations set forth therein.

58. Defendant states that the allegations set forth in paragraph "58" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendant denies the allegations set forth therein.

59. Defendant states that the allegations set forth in paragraph "59" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendant denies the allegations set forth therein.

60. Defendant states that the allegations set forth in paragraph "60" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendant denies the allegations set forth therein.

61. Defendant states that the allegations set forth in paragraph "61" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

62. Denies the allegations set forth in paragraph "62" of the complaint, except states that the allegations concerning duties owed by the Bronx County District Attorney to the public are legal conclusions rather than averments of fact and, accordingly, no response is required.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "63" of this answer as if fully set forth therein.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint, except admit that plaintiff was arrested.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "67" of this answer as if fully set forth therein.

69. Defendant states that the allegations set forth in paragraph "69" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

70. Defendant states that the allegations set forth in paragraph "70" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Defendant states that the allegations set forth in paragraph "73" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "73" of this answer as if fully set forth therein.

75. Defendant states that the allegations set forth in paragraph "75" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendant denies the allegations set forth therein as to defendant City of New York and District Attorney Johnson, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein as to defendant State of New York.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. In response to the allegations set forth in paragraph "77" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "76" of this answer as if fully set forth therein.

78. Defendant states that the allegations set forth in paragraph "78" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendant denies the allegations set forth therein as to defendant City of New York and District Attorney Johnson, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein as to defendant State of New York.

79. Denies the allegations set forth in paragraph "79" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

80. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

81. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

82. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of its discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**:

83.	Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of someone not under the control of defendant, and was not the proximate result of any act of defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

84.	There was probable cause for plaintiff's arrest, detention, and/or prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

85.	Punitive damages are not obtainable as against defendant City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

86.	Plaintiff has failed to comply with one or more conditions precedent to suit as to his state law claims.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 17, 2008

       **MICHAEL A. CARDOZO**
       Corporation Counsel of the City
         of New York
       Attorney for Defendant City of New York
       100 Church Street
       New York, New York  10007
       (212) 227-4071

       By: _____/S/_____
           SUSAN P. SCHARFSTEIN (SS 2476)

To:   Pamela D. Hayes, Esq.
       Attorney at Law
       200 West 57th Street, Suite 900
       New York, NY  10019

Index No. 07 CV 10274 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE FOWLER,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, ROBERT T. JOHNSON, District Attorney, Bronx Attorney, and the STATE OF NEW YORK, ELIOT SPITZER, Governor,

                              Defendants.

**ANSWER OF DEFENDANT CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Susan P. Scharfstein (SS 2476)*
*Tel: (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..............................................., 200 . . .*

*...........................................................................Esq.*

*Attorney for ..................................................................*