UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LAWRENCE FOWLER,

                           Plaintiff,

          -against-

THE CITY OF NEW YORK, ROBERT T.
JOHNSON, District Attorney, Bronx County, and
the STATE OF NEW YORK, ELIOT SPITZER,
Governor,

                           Defendants.

**DEFENDANT CITY OF NEW YORK'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

07 CV 10274 (JSR)

(filed by ECF)

------------------------------------------------------------------x

        Defendants City of New York submits this statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, to set forth material facts as to which defendant contends there are no genuine issues to be tried.

        1.      Plaintiff filed this action on November 13, 2007, alleging claims for, inter alia, false arrest, malicious prosecution, conspiracy, and violation of his due process rights pursuant to 42 U.S.C. § 1983, and related and derivative state law claims. See generally Complaint, Exhibit A to the Declaration of Susan P. Scharfstein dated May 20, 2008 ("Scharfstein Decl.").

        2.      Plaintiff was arrested in July of 1996, after he was identified by two witnesses in a show-up as the perpetrator of a crime. Complaint at ¶ 18; see also Exhibit B to Scharfstein Decl.

        3.      After he was identified by the witnesses, plaintiff was arrested and transported to the 44th NYPD precinct. Complaint at ¶ 18.

4. Plaintiff was arrested on July 25, 1996 on charges of second degree murder (N.Y. Penal Law § 125.25(1)) and criminal use of a firearm in the first degree (N.Y. Penal Law § 265.09(2)) in the vicinity of Park Avenue and 161st Street in the Bronx, New York. Exhibit B to Scharfstein Decl.; see also Complaint at ¶ 20.

5. Plaintiff was indicted by a grand jury on charges of murder in the second degree, manslaughter in the first degree, and criminal possession of a weapon on or about August 7, 1996. Exhibit C to Scharfstein Decl.

6. Plaintiff presented twelve witnesses at trial who testified that he was not at the scene of the crime or was not the perpetrator of the crime. Complaint at ¶ 21.

7. By letter dated April 3, 1998, Bronx County Assistant District Attorney Daniel McCarthy had disclosed to plaintiff's counsel information concerning witness Ricky Rivera pursuant to Brady v. Maryland in connection with the underlying criminal matter. Exhibit D to Scharfstein Decl.

8. The defense witness, Ricky Rivera, was transported by the Bronx County District Attorney's Office from a correctional facility in Massachusetts to New York to testify at plaintiff's criminal trial on request of plaintiff's counsel and as approved by the court. Exhibits E, F, and G to Scharfstein Decl.

9. Mr. Rivera testified at plaintiff's trial that he was present at the scene of the crime; that he was the intended victim of the shooting; and that the shooter was not plaintiff. Exhibit G to Scharfstein Decl.; Complaint at ¶ 21.

10. Plaintiff was found guilty of the crime of second degree murder by a jury in May of 1998. Complaint at ¶ 23; Exhibit H to Scharfstein Decl.

11. Plaintiff's conviction was affirmed by the New York State Appellate Division, First Department on May 9, 2000. Complaint at ¶ 24; Exhibit H to Scharfstein Decl.

12. The Appellate Division concluded, inter alia, that the jury verdict resulting in plaintiff's conviction was based on legally sufficient evidence. Exhibit H to Scharfstein Decl.; see also Complaint at ¶ 24.

13. On May 10, 2000, plaintiff sought leave of the New York Court of Appeals to appeal the May 9, 2000 decision of the Appellate Division, First Department. Exhibit I to Scharfstein Decl.

14. On July 14, 2000, after having considered plaintiff's application, the New York Court of Appeals denied plaintiff's request for leave to appeal. Exhibit J to Scharfstein Decl.

15. In May of 2006, Assistant District Attorney Daniel McCarthy learned from the United States Attorney's Office for the Southern District of New York of newly discovered potentially exculpatory information as a result of an investigation conducted by the U.S. Attorney's office that led to a cooperating witness who claimed to have been involved in the crime. Exhibits K, L, and Q to Scharfstein Decl.

16. On May 30, 2006, Assistant District Attorney Daniel McCarthy promptly contacted New York State Supreme Court Justice Edward M. Davidowitz and counsel for plaintiff to advise them that potentially exculpatory information had just come to the attention of the District Attorney's office as a result of an ongoing investigation by the United States Attorney's Office for the Southern District of New York. Exhibit K to Scharfstein Decl.; see also Exhibit L to Scharfstein Decl.

17.     Plaintiff then moved to vacate the judgment of conviction against him pursuant to New York Criminal Procedure Law § 440.10, based on the newly discovered information that was received by the Bronx County District Attorney's office and disclosed to plaintiff's counsel in June of 2006. Exhibit L to Scharfstein Decl.

18.     On August 2, 2006, Justice Davidowitz granted plaintiff's motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 based on the newly discovered evidence, and ordered plaintiff released from the custody of the New York State Department of Corrections. Exhibits M and N to Scharfstein Decl.

19.     As a result, the charges against plaintiff were dismissed. Exhibits M and N to Scharfstein Decl.

20.     On May 8, 2008, the United States Attorney's Office for the Southern District of New York, represented in correspondence to counsel that was presented to this Court on the same date that "[t]here is absolutely no basis to believe that the information [exculpating Lawrence Fowler in the 1996 murder of Lamar Jones] was known to the NYPD or to the Bronx District Attorney's Office at the time of the Fowler trial, and indeed [the U.S. Attorney's office is] virtually certain that the information was not and could not have been known to the NYPD or to the Bronx County District Attorney's Office at that time, or at any time until [the U.S. Attorney's office] communicated on the matter with the Bronx District Attorney's Office [in approximately June of 2006]." Exhibit Q to Scharfstein Decl.

21.     A document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about November 2, 2006. Exhibit O to Scharfstein Decl.

22.  The purported notice of claim was disallowed for failure to contain the information required by § 50-e of the New York General Municipal Law. Exhibit P to Scharfstein Decl.

23.  Plaintiff has served no requests for discovery in this action, including discovery related to any alleged policy, custom, or practice of the City of New York. Scharfstein Decl. at ¶ 19.

Dated:   New York, New York
         May 20, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendant City of New York
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 227-4071


                                    By: _____/S/_____
                                        SUSAN P. SCHARFSTEIN

Index No. 07 CV 10274 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE FOWLER,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, ROBERT T. JOHNSON, District Attorney, Bronx County, and the STATE OF NEW YORK, ELIOT SPITZER, Governor,

                        Defendants.

**DEFENDANT CITY OF NEW YORK'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendant City of New York
100 Church Street
New York, N.Y. 10007

*Of Counsel: Susan P. Scharfstein (SS 2476)*
*Tel: (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 200 . . .*

*............................................................................. Esq.*

*Attorney for............................................................*