UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

LAWRENCE FOWLER,                                    :

                              Plaintiff,            :     07 CV 10274 (JSR)

                    -against-                       :

THE CITY OF NEW YORK,                               :
ROBERT T. JOHNSON, District
Attorney, Bronx County, and the                     :
STATE OF NEW YORK,
ELIOT SPITZER, Governor,                            :

                              Defendants.           :
--------------------------------------------------------------x


---

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MEMORANDUM OF LAW
FOR SUMMARY JUDGMENT**

---


PAMELA D. HAYES, ESQ. (PH-2737)
*Attorney for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 687-8724 (Phone)
(212) 980-2968 (Fax)
E-mail: pdhayesesq@aol.com

# TABLE OF CONTENTS

*Page*

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT ONE

DEFENDANT HAS FAILED TO SHOW PLAINTIFF'S
MONELL CLAIM AGAINST THE CITY FAILS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT TWO

PLAINTIFF HAS PROVED THAT HIS RIGHTS
WERE CONSTITUTIONALLY VIOLATED.  THUS
SUMMARY JUDGMENT SHOULD NOT BE GRANTED  . . . . . . . . . . . . . . . . . . . . . 8

POINT THREE

PLAINTIFF'S STATE CLAIMS SHOULD NOT
BE DISMISSED BY THIS COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

LAWRENCE FOWLER,                              :

                          Plaintiff,          :    07 CV 10274 (JSR)

            -against-                         :

THE CITY OF NEW YORK,                         :
ROBERT T. JOHNSON, District
Attorney, Bronx County, and the               :
STATE OF NEW YORK,
ELIOT SPITZER, Governor,                      :

                          Defendants.         :
---------------------------------------------------------x


**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MEMORANDUM OF LAW
FOR SUMMARY JUDGMENT**


## STATEMENT OF FACTS

Plaintiff relies on its Statement of Material Facts in Opposition to Defendant's

Rule 56 Statement of Material Facts.  Notwithstanding, Defendant contends Plaintiff's

Due Process rights were violated as a result of the Bronx County's District Attorney's

Office and the NYPD's policy of *deliberate* indifference to investigating Plaintiff's claim

of actual innocence.  Furthermore, Plaintiff establishes that as a result of wilfully failing

to investigate information which could have led to Plaintiff's release, Defendant violated

Plaintiff's due process rights.

Since the Court must apply the standard set forth in *Eastman Kodack v. Image Tech Services*, 504 U.S. 451, 457 (1992), and give Plaintiff the benefit of viewing the evidence in a light most favorable to Plaintiff, Defendant's motion fails on its face and should be dismissed pursuant to (FRCP 56(c).

## ARGUMENT

## POINT ONE

### DEFENDANT HAS FAILED TO SHOW PLAINTIFF'S MONELL CLAIM AGAINST THE CITY FAILS.

Defendant asserts that Plaintiff's § 1983 claim against the City of New York fails because it does not prove a policy, custom, practice, or duty of the City to which a violation of Plaintiff's rights were attributable. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978). Under *Monell*, the Court held that the local government can be sued when the deprivation complained of, as in Plaintiff's case, arose out of an official policy, or custom.

In this instance, Plaintiff argues that local governments may be sued pursuant to illegal customs, policy, duties, etc. Thus, while *Monroe v. Pape* gave the local municipalities absolute immunity from suit under § 1983, the absolute immunity no longer exists as a result of *Monell supra*.

In this instance, Plaintiff points to an illegal policy and custom which allows

2

Defendant to sue under *Monell*.  Since Plaintiff has made a showing that the police and

prosecutor were sufficiently aware of the policy to correct false convictions and had an

obligation to correct any false information perpetrated on the Court, *Monell* is not

applicable.

Mr. McCarthy's deliberate failure and deliberate indifference to check out the

information Plaintiff gave him in May of 2000 regarding the individual who killed

Lamont Jones violated a prosecutor's obligation to correct a mistake or falsehood by a

witness whose testimony on the subject was inaccurate.  *See People v. Steadman*, 82

N.Y.2d 1 (1993).  The Court has stated that the prosecutor is obligated to correct mistakes

or falsehoods by a witness whose testimony on the subject is inaccurate.  So while the

Courts have given analogies to certain issues, Plaintiff argues this strict standard should

apply because of the corruption of the truth-seeking function that results from false or

misleading testimony.  *United States v. Agurs*, 427 U.S. 97, 103 (1976).

ADA McCarthy was the trial assistant on this case in addition to being the Chief

Trial Counsel at the Bronx District Attorney's Office.  In addition to overseeing these

official policies, he also oversaw trial policy with regard to the DA's Office; ADA

McCarthy was a public officer.  *People v. Pelchat*, 62 N.Y.2d 97, 105 (1984); *People v.*

*Vilardi*, 76 N.Y.2d 67, 76 (1990), particularly the duty to see that justice is done and to be

candid with the courts *People v. Simmons*, 36 N.Y.2d 126, 131-132 (1975).

ADA McCarthy specifically violated this duty by refusing to interview Pierre

Moore after he had been told by Plaintiff's counsel that Mr. Moore possessed information and had given it to the police, who ignored it because they perceived it to be old news.

Similarly, the People's failure to comply with a defendant's specific request requires the dismissal of Defendant's motion if there is any "reasonable possibility" the outcome would have been more favorable. *People v. Vilardi*, 76 N.Y.2d 67, 77 (1990).

In this instance, Defendant City of New York, through its deliberate indifference by ADA McCarthy, refused to even investigate Pierre Moore's statement to the police. Mr. McCarthy had sit through the entire trial and listened to over 12 witnesses testified it was not Plaintiff who committed the murder. He had provided information from Ricky Rivera under the guise of *Brady* that there was an eye witness who saw the shooter and knew him, and testified it was not Plaintiff. And while Plaintiff's trial ended in a conviction, it did not relieve Mr. McCarthy of his continuing obligation under *Brady*. *See Brady v. Maryland*, 373 U.S. 83 (1963). Even though the trial was over, the obligation continued still, and Mr. McCarthy refused to check out Mr. Moore's information.

When counsel first told Mr. McCarthy about the information, it was after she had wrote Mr. Moore, his lawyer and sent her investigator to speak to him, which Mr. Moore refused to do. Thus, having no "leverage" to force Mr. Moore to speak to her, she turned to ADA McCarthy.

As an assistant DA, Mr. McCarthy had the ability to speak with Mr. Moore, but refused to do so, content to ignore the reasonable probability of a different outcome.

4

*Kyles v. Whitley*, 514 U.S. 419, 434 (1995).  Of course, Defendant will argue that the police and DA's Office had no duty to act, but it was this unlawful policy of deliberate indifference which caused him to be indifferent to investigating claims of false convictions, thereby ignoring their obligation to investigate Plaintiff's claim of false conviction.

All through 2000 to 2005 Plaintiff's counsel continued to supply witnesses and specific information about Plaintiff's innocence.  Still Mr. McCarthy would not investigate any of Plaintiff's tips (see Exhibit 19).

Having refused to investigate this information, Mr. McCarthy and their policy contributed to Plaintiff's imprisonment for an *extra* six years.  Plaintiff's counsel could not file the requisite CPL § 440.10 motion because of the ADA's refusal to right the misleading information.

In essence, Mr. McCarthy's refusal to investigate caused a suppression of Defendant's ability to move forward with a motion for newly discovered evidence. Plaintiff would have been entitled to present his theory of newly discovered evidence had Mr. McCarthy investigated the information much sooner.  Since Mr. McCarthy did not he cynically manipulated the criminal justice system and Plaintiff was out of luck until another law enforcement office got involved.

The Court of Appeals singled out ADA McCarthy once before who was then a Supervising Assistant DA in the Queens County District Attorney's Office.  Mr.

McCarthy had failed to advise defendant's counsel of information which he was in possession of whereby he had a deal with one of the Plaintiff's trial witnesses, whereby "he" promised leniency but did not tell the trial assistants who knew nothing about the leniency deal.

The Court held that this was a scheme to mislead the Court and the defendant. Mr. McCarthy's failure to come forward in that instance deprived the defendant of a fair trial. *People v. Holt*, 67 N.Y.2d 819 (1986); *People v. Crimmins*, 36 N.Y.2d 230 (1975).

Mr. McCarthy testified at a hearing held by this Court on May 8, 2008. He testified he made efforts to obtain the information, but "nothing came of it," and he did not memorialize any of his efforts or tell the Court what he did.

While this may seem like a plausible explanation to Mr. McCarthy, it is not plausible to Plaintiff because it does not evidence a willingness to correct mistakes or falsehoods by witnesses, whose testimony could have been proven to be inaccurate. *Savvides*, 1 N.Y.2d 554 *supra*. Mr. McCarthy's behavior seemingly sought to "stymie" any information that would have been gained by interviewing Mr. Moore, the individual, said to have passed the information to the police upon his arrest, or at the very least interviewing the officers who debriefed Mr. Moore or checked the memo books of the officers involved, or the Night Watch detectives.

Mr. McCarthy could have interviewed Mr. Moore, or the officers. He could have

demanded the officers' memo books. He did not and sat by silently in the face of numerous letters, calls and tips from Plaintiff's counsel and left the entire matter in doubt. See *People v. Novoa*, 70 N.Y.2d 490 (1987). Undoubtedly, the "Defendant" will argue that the Court should only view Plaintiff's argument in the realm of a *Brady* violation which shows Defendant had a *duty* to act, which he did not act upon, thereby depriving Plaintiff of information which ultimately led to his exoneration. Defendant must realize *Brady* is an ongoing obligation and does not stop once the trial is over.

In addition to ADA McCarthy's duty, the police also were under certain duties with regard to information which they received from Pierre Moore when he was arrested during May, 2000. Defendant asserts there were no policy, custom or practice of the City to which a violation of Plaintiff's rights can be attributed. Specifically, the NYPD Patrol Guide mandates certain directive which the police unlawfully interpreted by classifying this newly discovered information as old news, thus refusing to give it the proper weight it should have received.

In this instance the "Night Watch Detectives" were called by police officers Ulrich and Ortiz (see Exh. 11) when the Night Watch detectives arrived they did not take this information down in their memo book or memorialize in any way, shape or form or put it in an Unusual Occurrence Form like he should have done (see Exh. 16). They just interpreted the information as old news and refused to deal with it.

Since both the NYPD and ADA McCarthy of the Bronx DA's Office were under

7

an obligation to investigate this information, Plaintiff is able to show an illegal custom

and practice, to which a violation of his right was attributed.  *Monell*, 436 U.S. 658

(1978) *supra*.

Thus, Summary Judgment is not appropriate pursuant to Rule 56(c) since Plaintiff

has put forth duties, customs, practices and directives of the District Attorney's Office

and NYPD which Defendant performed illegally and basically caused Plaintiff to have his

due process rights violated as a result thereof.

## POINT TWO

### PLAINTIFF HAS PROVED THAT HIS RIGHTS WERE CONSTITUTIONALLY VIOLATED.  THUS <u>SUMMARY JUDGMENT SHOULD NOT BE GRANTED.</u>

Defendant has alleged that the failure of the police to report said evidence to their

superiors and ADA McCarthy's failure to investigate the leads brought to his attention by

Plaintiff's counsel was a violation of Plaintiff's Due Process Rghts under the Fifth and

Fourteenth Amendments, as well as § 1983 of the U.S. Code.  Specifically, Defendant

claims that Plaintiff did not allege the exact violation of policy of the City or the DA's

Office, in his complaint.

This Court is not limited to looking to only the bare bones of a complaint, but can

expand the decision based on affidavits, case law, exhibits, and items contained in the

Court record, and it can take judicial notice of certain facts within the Court's knowledge,

as well as testimony.  Thus, this Court has had the benefit of sworn testimony by Mr.

8

McCarthy, case law on the duty of a prosecutor, the affidavit of Plaintiff's counsel, sections of the NYPD Patrol Guide, as well as other affidavits and testimony at Plaintiff's criminal trial as proof that Defendant was under the policy, customs, procedures and directives of their office, and as a result Plaintiff was injured or deprived of these constitutional rights.

Clearly, Plaintiff has demonstrated the Bronx District Attorney's Office deliberate indifference to correct misinformation which was brought to his attention and the police department. By deliberately failing to investigate this information and or call it old news, Plaintiff's rights were violated. See *Monell*. Thus, the prosecutor and police violated *Monell* by their deliberate neglect. Thus, both the DA's Office and the police deprived Plaintiff of Due Process of Law. *Local 342, Long Island Pub Service Employees v. Town Board*, 31 F.3d 1191, 1194-97 (2d Cir. 1994).

Defendant also argues that Plaintiff has to demonstrate a right and show he was deprived of that right and show the right was effected without due process. In *People v. Gary Steadman and Raymond Blair*, 82 N.Y.2d 1 (1993), the Court specifically said District Attorneys are public officers who have a dual obligation to correct mistakes or falsehoods by a witness whose testimony on the subject is inaccurate.

Thus, Plaintiff had a right to the DA correcting or at the very least checking out the inaccurate information. ADA McCarthy did not do this; instead he did nothing until May or June of 2006, when the U.S. Attorney gave him what amounted to the same

9

information he received in May, 2000 through 2005, from Plaintiff's counsel. Mr.

McCarthy's and the Night Watch Detectives of the NYPD's failure to investigate

Plaintiff's claims were arbitrary and oppressive government behavior and were without

any reasonable justification. See *Johnson v. Newborn Enlarged Sch. Dist.*, 239 F.2d 246

(conscious shocking behavior by government actors). They caused Plaintiff to say in

prison for a crime he did not commit.

Lastly, Defendant asserts a single incident of alleged misconduct is insufficient to

establish municipal liability. In this instance Plaintiff has alleged two different acts of his

conduct. The first act was the NYPD's failure to investigate the information from their

colleagues and refer to it as old news, thereby ignoring their obligation. As well as the

behavior of ADA McCarthy's failure to investigate any leads and information regarding

Pierre Moore, as well as the Night Watch Detective who told the arresting officers he was

not interested in "old news" (see Exh. 11). Thus, Defendant's argument fails and his

reliance is misplaced when it cites *Dwares v. City of New York*, 995 F.2d 94, 100 (2d Cir.

1993). Thus, Plaintiff has established its claim under *Monell*, as well as his constitutional

violation.

Moreover, while Plaintiff has pointed out two instances of alleged misconduct, this

Court should be aware that ADA Daniel McCarthy has been the subject of this type of

behavior before and the highest Court in this State (NY Court of Appeals) has publicly

rebuked him and the District Attorney's Office (Queens County) for this similar behavior

10

of deliberate indifference. See *Steadman and Blair*, 82 N.Y.2d 1 (1993). (Clearly it seems to be a pattern.) Therefore, Plaintiff has established two instances of misconduct and possibly three instances and should survive Defendant's Motion for Summary Judgment.

## POINT THREE

### PLAINTIFF'S STATE CLAIMS SHOULD NOT BE DISMISSED BY THIS COURT.

Defendant maintains that this Court should not exercise jurisdiction over Plaintiff's State Court claims. The City states that Plaintiff did not comply with a condition precedent, to a lawsuit filing and thus the reason argued for jurisdiction under Plaintiff's federal lawsuit are the same as the State counts and thus have no merit.

Defendant is mistaken with both of its arguments, with regard to General Municipal Law § 50-e (see Defendant's R. 56.1 Statement at ¶ 22). Plaintiff never received notice of defendant's alleged dismissal of claim. See Exh. 1. While said document is included in Defendant's Exhibits it is not signed and does not give any proof of Plaintiff's receipt. Furthermore, the exhibits state that Plaintiff can still file his law suit.

Plaintiff would withdraw its claim against the City under the New York State Court of Claims Act § 8-b(2); but not under 42 U.S.C. § 1983 which Plaintiff specifically asserts Defendant is liable under. Wherefore, this Court should not dismiss any of Plaintiff's State Court claims.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment

should be denied.

Respectfully submitted,

PAMELA D. HAYES, ESQ. (PH-2737)
*Attorney for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 687-8724 (Phone)
(212) 980-2968 (Fax)
E-mail: pdhayesesq@aol.com


DATED:     New York, New York
           June 10, 2008

12