UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

LAWRENCE FOWLER,                          :

                      Plaintiff,          :    **PLAINTIFF'S STATEMENT IN
                                               OPPOSITION TO**
         -against-                        :    **DEFENDANT'S STATEMENT
                                               OF UNDISPUTED FACTS**
THE CITY OF NEW YORK,                     :    **PURSUANT TO LOCAL CIVIL
ROBERT T. JOHNSON, District                    RULE 56.1**
Attorney, Bronx County, and the           :
STATE OF NEW YORK,                             07 CV 10274 (JSR)
ELIOT SPITZER, Governor,                  :

                      Defendants.         :
--------------------------------------------------------x

        Plaintiff, Lawrence Fowler, submits the following Statement in Opposition

pursuant to Local Civil Rule 56.1 of the United States Court for the Southern District of

New York, to set forth material facts as to which defendant contends there are no genuine

issues to be tried.

        1.      Admit.

        2.      Plaintiff was arrested on July 26, 1996, while urinating in a park with his

bike nearby, in the vicinity of 156th Street and Melrose Avenue, in Bronx, New York.

Plaintiff was held for several minutes until two individuals were brought to view him by

the police in a show up fashion (see Plaintiff's counsel affidavit - Exh. 1).

        3.      Plaintiff was then taken to Lincoln Hospital for some reason and then taken

to the 44th Precinct (see Plaintiff's counsel affidavit, Exh. 1).

        4.      Admit.

5.      Admit.

6.      Plaintiff presented 12 witnesses at trial, some who were alibi witnesses, and the remainder who were actual eye witnesses to the event who testified he was not present at the scene, nor was he involved in the shooting, *and* the individual who did the shooting was not Lawrence Fowler (see Plaintiff's counsel affidavit, Exhs. 1 and 5).

7.      Admit.  However, the Bronx District Attorney's Office did not tell Plaintiff how the witness's name was obtained, nor the surrounding circumstances of how the name became available to them (see Plaintiff's counsel's affidavit, Exh. 1).

8.      Counsel for Mr. Fowler made application to Justice Davidowitz, for a subpoena and Writ of Habeas Corpus whereby a Court Order was obtained from the Superior Court of Middlesex County to the Massachusetts Department of Corrections to produce Ricky Rivera at Supreme Court, Bronx County.  The Bronx DA Office transported Mr. Rivera from Massachusetts to Supreme Court (see Plaintiff's Exhibit 4, and Affidavit of Pamela D. Hayes, Counsel for Plaintiff, Exh. 1).

9.      Admit.  Mr. Rivera also testified that the decedent, Mr. Jones, had been talking to him while they were in the court yard and once they heard shots both Rivera and Jones ran and Rivera did not know Jones had been shot until later on (see Affidavit of Plaintiff's counsel, Exh.1, and Plaintiff's Exh. 5).

10.      Plaintiff was found not guilty of Intentional Murder, and guilty of Depraved Indifference Murder, Second Degree (see Plaintiff's counsel affidavit, Exh. 1).

11.    Admit.

12.    Plaintiff's conviction was upheld by the Appellate Division, First

Department (see Defendant's Exh. J).

13.    Admit.

14.    Admit.

15.    While ADA McCarthy first learned during trial in 1998 of potentially

exculpatory information regarding Plaintiff's actual innocence, ADA McCarthy had

received numerous phone calls, letters and affidavits from Plaintiff counsel regarding

witnesses who had information, supporting Plaintiff's theory of actual innocence, again in

May, 2000 (Exhs. 8 and T).

Plaintiff's counsel diligently wrote and called ADA McCarthy giving him specific

names and addresses of individuals who had information (see Exh. 8).

Specifically, Plaintiff's counsel told ADA McCarthy about three witnesses,

between 1999 and 2004, specifically a Pierre Moore, P.O. James Ulrick, and PO Eddie

Vargas.  All of whom had exculpatory information, as well as other NYPD Officers from

Night Watch who told PO James Ulrich the Police Department was not interested in "old

news (see Exh, 11).

Both the NYPD and Bronx DA's Office had this information well before May

2006 and never conducted any *investigation* of these leads (see Exhs. 7, 8 and 9).  The

Bronx County DA's Office did nothing to speak with any of these individuals provided to

him by plaintiff's counsel, nor did he memorialize the efforts he took to substantiate his testimony, "he looked but things didn't turn out." Nor was he able to get the memo books of any of the officers who arrested Pierre Moore, or the Detective who came from Night Watch, to investigate which would have been a part of their duties (see Patrol Guide Exhibit 16; Affidavit of Pamela D. Hayes, Exh. 1).

16.    ADA McCarthy contacted counsel for Plaintiff either in May 2006, or some time during 2005, with information regarding Lawrence Fowler's exoneration (see Plaintiff's Exh. 1).

17.    Admit.

18.    Admit.  However, Plaintiff was not released until August 23, 2006 from the custody of the New York State Department of Corrections, and January 26, 2008 from the New York State Division of Parole (see Plaintiff's Exh. 12).

19.    Admit.  Plaintiff's conviction was vacated and all charges dismissed, on August 2, 2006; however, Plaintiff was not released from custody (see Plaintiff's Exh. 1).

20.    While the US Attorney's Office has stated that there is no reason to believe that the Bronx DA's Office or the New York Police Department had information at the "end of the Fowler trial or before they gave the Bronx DA the information in May of 2006, there is no way of them establishing that argument unless Plaintiff's counsel had the opportunity to see what information the two offices shared, and allowed to make the argument to dissuade the Court that the NYPD and Bronx District Attorney's Office were

4

in the dark about leads and information regarding Plaintiff's innocence. Furthermore, it is clear that had the Bronx DA's Office and the NYPD followed the leads Plaintiff counsel gave them, or performed their jobs they would have had the same or similar information which could have exculpated Plaintiff years earlier (see Plaintiff's Exhs. 1, 16 and 19).

21.    Admit.

22.    Plaintiff has not received a notice which disallowed Plaintiff's claim; in any event Plaintiff's federal or state claim would be affected by disallowment of the City Notice of Claim.

23.    Plaintiff has all the documentation he needed and did not have the need to demand Defendant to produce any documentation, with the exception of the DA's file, which they could not find until this Court took testimony on May 8, 2008.

24.    Dan McCarthy's duty as a prosecutor (see Plaintiff's Exh. 17); NYPD Patrol Guide with duties of the NYPD (see Plaintiff's Exh. 16).


DATED:    New York, New York
          June 9, 2008

PAMELA D. HAYES, ESQ. (PH-2737)
*Counsel for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 687-8724 (Phone)
(212) 980-2968 (Fax)
E-mail: pdhayesesq@aol.com